Pearson, J.
 

 We concur in opinion with the Judge below, and think upon the answers, which are to be taken as true in this stage of the proceedings, the injunction ought to have been dissolved. The general allegation of fraud, by a false representation of the value of the land as a gold mine, and by a combination among the defendants by such representations to defraud the plaintiff, is positively denied by the answers, fairly and without'-evasion. It was t he ordinary case of a vendor’s praising the property offered for sale. “A splendid article, a valuable gold mine worth not less than ten thousand dollars,” are words used by vendors or persons offering to sell, and understood by purchasers or persons wishing to buy to be unmeaning,, and pass for what they are worth.
 

 
 *281
 
 The specific fraud is, that one Long, at the instance of the defendants, who offered the land for sale, bid for the land, and run it up to the price of $1950 00, with an understanding between him and the defendant, that, if the lands fell upon his hands at the bid, it should be no sale, but the title was to be with the defendants; whereas the ¡terms of the sate were, that the land should be sold to the highest and best bidder, and no, right was reserved or notice given, that Long was bidding for the vendors. Whether his by-bidding vitiates the sale, so as to give the .plaintiffs an equity, upon that ground alone, to repudiate the contract, is a question about which the authorities dp not agree. Lord Mansfield, in
 
 Bexwell
 
 v. Christie, Cowpers Rep. 355, and Lord Kenyon,
 
 Howard
 
 v. Cas
 
 tel,
 
 6 Term Rep.
 
 642,
 
 held, that such by-bidding does vitiate the salle, and that the purchaser is at liberty, without more saying, to refuse to abide by his contract, or purchase. On the other hand Lord Rosslyn and Sir War. Grant have each questioned the soundness of 1 he doctrine.
 
 Coudly
 
 v.
 
 Parsons,
 
 3 Vesey, 625
 
 Smith
 
 v.
 
 Clark,
 
 12 Vesey 477. They hold that by-bidding, when it is not done for-the purpose of inflating, but merely to prevent ■a sacrifice of the property, furnishes no ground, of itself, to vitiate a sale. We are inclined to the opinion of Lords Mansfield and- Kenyon. If persons wish to reserve aright to buy in, unless the property-sells for more than a given sum, good faith requires that bidders should have notice, and a secret bidding with- this view would seem to be a fraud-, where the terms of sale are to the highest and best bidder, and it is impossible, as Lord Rosslyn and Sir William Grant attempted- to do, to-run a. dividing line, so as-ta say when this by-bidding is, intended for puffing, and when- merely to prevent- property being sold at-a sacrifice. In the nature of things,.any by-bid tends to inflate the price, more or less, except it be announced to be a bid for the owners of the land. W** ~
 
 *282
 
 not called upon in this case to decide the question definitely, for, be it either way, it is certain that a purchaser» who wishes to avail himself of such an objection, must do so, as soon as the fact comes to his knowledge, and cannot go on to test the mine, so that, if it turns out not to be rich, he falls back upon the objection, that there was a by-bidder. There must be good faith on both sides, and the purchaser, as soon as he discovers, that there has been by-bidding, must make his election. The bill does not allege when the plaintiffs discovered, that Long was a by-bidder. It may be that they knew it at the time of the sale, or soon afterwards, before they gave their bonds. At all events, there is no allegation, that they did not know jt, before they went on to explore, and test the mine fully f and their wish to repudiate the contract, as the case is now presented to us, would seem to be, because, upon examination, there was not as m,u.cb gold to be found as they hoped for, and not because, by reason of the by-bidding of Long, they had been surprised, and in.d.uped to give more than, they otherwise would. This pretext of a, by-bidding has now the appearance of being set up, as a ground for getting clear of a bargain, which maybe a bad one , whereas if the gold mine had proved to be valuable», it never would have been heard of
 

 There is no error in the interlocutory order appealed front. This opinion will, be certified to the Court below..
 

 Per Curiam.
 

 Ordered to.be certified’ accordingly^